UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:     CHAPTER 11

**ENTERTAINMENT CINEMAS LEBANON, LLC**     Case No. 21-10143-BAH

    Debtor

## NOTICE OF ENTRY OF ORDER ON
## EX PARTE MOTION FOR ENTRY OF AN EX PARTE INTERIM ORDER DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND ESTABLISHING PROCEDURE FOR DETERMINING ADEQUATE ASSURANCES PURSUANT TO 11 U.S.C. § 366 APPROVING DETERMINATION PROCEDURES AND ENTRY OF FINAL ORDERS FOLLOWING ANY OBJECTION AND HEARING IF NECESSARY

The Debtor and Debtor in Possession, **Entertainment Cinemas Lebanon, LLC** hereby gives notice that on April 9, 2021, the United States Bankruptcy Court entered the Order on Ex Parte Motion for Entry of An Ex Parte Interim Order Deeming Utility Companies Adequately Assured of Future Performance and Establishing Procedure for Determining Adequate Assurances Pursuant To 11 U.S.C. § 366 Approving Determination Procedures and Entry of Final Orders Following Any Objection and Hearing If Necessary attached as *Exhibit 1*.

                            Respectfully submitted,

DATED:  April 12, 2021         /s/ William S. Gannon
                                      William S. Gannon, BNH 01222

                                      Counsel to:

                                      **ENTERTAINMENT CINEMAS LEBANON, LLC**

                                      WILLIAM S. GANNON, PLLC
                                      740 Chestnut Street
                                      Manchester, NH 03104
                                      PH: (603) 621-0833

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I served the foregoing notice on each person and/or entity named below by causing it to be filed electronically via the CM/ECF filing system or mailed by first-class United States Mail, postage pre-paid, or in such other manner as may be indicated:

Each person/entity named on the CM/ECF Electronic Service List - via the CM/ECF filing system

Comcast  
P.O. Box 70219  
Philadelphia, PA 19176-0219

Irving Oil  
c/o Irving Energy  
P.O. Box 11013  
Lewiston, ME 04243

Liberty Utility  
P.O. Box 1380  
Londonderry, NH 03053-1380

DATED:  April 12, 2021                        /s/ Beth E. Venuti  
                                                                       Beth E. Venuti, Paralegal

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | CHAPTER 11 |
| **ENTERTAINMENT CINEMAS LEBANON, LLC** | Case No. 21-10143-BAH |
| Debtor | |

**ORDER ON**
**EX PARTE MOTION FOR ENTRY OF AN EX PARTE INTERIM ORDER DEEMING UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE AND ESTABLISHING PROCEDURE FOR DETERMINING ADEQUATE ASSURANCES PURSUANT TO 11 U.S.C. § 366 APPROVING DETERMINATION PROCEDURES AND ENTRY OF FINAL ORDERS FOLLOWING ANY OBJECTION AND HEARING IF NECESSARY**

Upon the Ex Parte Motion for Entry of An Ex Parte Interim Order Deeming Utility Companies Adequately Assured of Future Performance and Establishing Procedure for Determining Adequate Assurances Pursuant To 11 U.S.C. § 366 Approving Determination Procedures and Entry of Final Orders Following Any Objection and Hearing If Necessary filed by Entertainment Cinemas Lebanon, LLC (the "Motion" and the "Debtor") and it appearing to the satisfaction of this Court that the relief requested therein is in the best interests of the Debtor's estate, its creditors and other parties in interest, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sufficient notice of the Motion having been given, this matter is a core proceeding pursuant to 28 U.S.C. §§ 157, the granting of the requested relief without further notice or hearing is appropriate under Code Section 102, and after due deliberation and for good cause shown, it is hereby ordered that:

A. Except as otherwise defined herein, all words, terms and phrases defined in the Motion shall have and be given the same meaning when used herein, including Cash Deposit, Utility Company and Utility Service.

B. The Debtor shall mail the following to the Utility Companies by **April 19,**

**2021**:

    **1.**    the Letter to Utility Companies attached as Exhibit A, with a check for the deposit to be made to each of the following utility companies (the "Utility Companies" and individually, a "Utility Company") in the following amounts (the "Cash Deposits"):

    i.    One (1) deposit to Comcast for internet and telephone services in the amount of $198.53;

    ii.    One (1) deposit to Irving Oil for heating oil in the amount of $2,025.56;

    iii.    Two (2) deposits to Liberty Utility for electricity in the amounts of $1,349.81 (acct. xx5921) and $31.92 (acct. xx6580);

    **2.**    the Notice of Entry of Order attached as Exhibit B with a copy of this Order.

    **C.**    The Utility Companies may accept and hold the Cash Deposits as an adequate assurance of the Debtor's payment of bills for utility services provided to the Debtor following the Petition Date pending the further orders of this Court.

    **D.**    The Debtor shall pay on a timely basis all undisputed, post-petition invoices for utility services rendered by the Utility Companies.

    **E.**    The Utility Companies have and shall be deemed to have adequate assurance of payment pending the further orders of this Court.

    **F.**    Pending the further orders of this Court, the Utility Companies shall be, and hereby are enjoined and restrained from discontinuing, altering, terminating or refusing service on account of unpaid pre-petition charges, or discriminating against the Debtor, or requiring payment of a deposit or receipt of other security in connection with any unpaid prepetition charges for utility services furnished to the Debtor.

    **G.**    A Utility Company may file motion to modify this Order on or before May 10, 2021 (a "Motion to Modify") based on the adequacy of notice of the hearing on the Motion.

    **H.**    This Court adopts the following determination procedures, without prejudice to the right of any utility company to request a change thereof in a timely Motion to Modify but reserves the right to require changes therein at a later date:

    **1.**    This Order shall remain in effect with respect to each

Utility Company if it does not file a timely Motion to Modify.

        **2.**      Notwithstanding a decision not to file a timely Motion to Modify or any failure to file a timely Motion to Modify, each Utility Company may move this Court for a revocation or modification of this Order for cause.

        **3.**      If a Utility Company files a timely Motion to Modify, the Debtor shall confer with the Calendar Clerk and the objecting Utility Company or its counsel and schedule a prompt hearing on such Motion to Modify for the purpose of (i) determining whether the objecting Utility Company has an adequate assurance of future payment and, if not, (ii) establishing the adequate assurance to which the objecting Utility Company is entitled under the circumstances (the "Determination Hearing").

        **4.**      Pending the entry of a final order on such Motion to Modify, the objecting Utility Company shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for pre-petition services.

        **5.**      If a Utility Company makes a timely Motion to Modify and requests specific additional adequate assurances of payment for future Utility Service ("Additional Adequate Assurances") that the Debtor determines to be reasonable in the exercise of its business judgment, the Debtor may give or provide such assurances by filing a stipulation for order with this Court subject to the subsequent approval of the stipulation by this Court.

    **I.**      The automatic stay is continued with respect to each Utility Company if it does not file a timely Motion to Modify as required by this Order, without prejudice to its right to seek the revocation or modification of the stay for cause.

    **J.**      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

    **K.**      This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

    **L.**      This Order shall become effective on the date hereof.

DATED:   April 09, 2021        /s/ Bruce A. Harwood

                                                      Bruce A. Harwood
                                                      U.S. Bankruptcy Judge

# EXHIBIT A

## WILLIAM S. GANNON PLLC
Attorney At Law
740 Chestnut Street
Manchester, New Hampshire 03104
Telephone (603) 621-0833
Facsimile (603) 621-0830
bgannon@gannonlawfirm.com

**WILLIAM S. GANNON**  Direct: 603.296.1035
Cell: 603.401.9259

//__//, 2021

//_CREDITOR NAME_//
//_ADDRESS_//
//_ADDRESS_//
//_ADDRESS_//

Re: **Entertainment Cinemas Lebanon, LLC**, Chapter 11 Case No. 21-10143-BAH

Dear Sir/Madam:

Pursuant to Section 366 of the Bankruptcy Code, **Entertainment Cinemas Lebanon, LLC**, Debtor and Debtor in Possession, offers to pay //_CREDITOR NAME_// a deposit in the amount of $//__// as an adequate assurance of payment for future utility services provided to **Entertainment Cinemas Lebanon, LLC**.

Very truly yours,

# DRAFT

William S. Gannon

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re: | CHAPTER 11 |
| **ENTERTAINMENT CINEMAS LEBANON, LLC** | Case No. 21-10143-BAH |
| Debtor | |

**NOTICE OF ENTRY OF FINAL ORDER ON
EX PARTE MOTION FOR ENTRY OF AN EX PARTE INTERIM ORDER DEEMING
UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE
AND ESTABLISHING PROCEDURE FOR DETERMINING ADEQUATE
ASSURANCES PURSUANT TO 11 U.S.C. § 366 APPROVING DETERMINATION
PROCEDURES AND ENTRY OF FINAL ORDERS FOLLOWING ANY OBJECTION
AND HEARING IF NECESSARY**

The Debtor and Debtor in Possession, **Entertainment Cinemas Lebanon, LLC** hereby gives notice that on //_DATE_//, the United States Bankruptcy Court entered the Final Order on Ex Parte Motion for Entry of An Ex Parte Interim Order Deeming Utility Companies Adequately Assured of Future Performance and Establishing Procedure for Determining Adequate Assurances Pursuant To 11 U.S.C. § 366 Approving Determination Procedures and Entry of Final Orders Following Any Objection and Hearing If Necessary attached as *Exhibit 1*.

Respectfully submitted,

DATED: DRAFT

/s/ DRAFT
William S. Gannon, BNH 01222
Counsel to:
**ENTERTAINMENT CINEMAS LEBANON, LLC**
WILLIAM S. GANNON, PLLC
740 Chestnut Street
Manchester, NH 03104
PH: (603) 621-0833